HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMY WILSON, Personal Representative of the Estate of Sheila Edwards-Hughes,<br><br>Plaintiff,<br><br>v.<br><br>ASSISTED LIVING CONCEPTS, INC., dba LEXINGTON HOUSE; ASSISTED LIVING CONCEPTS, LLC, dba LEXINGTON HOUSE,<br><br>Defendants. | CASE NO. C13-5856 RBL<br><br>ORDER GRANTING MOTION TO REMAND<br><br>[Dkt. #10] |

## I. INTRODUCTION

THIS MATTER is before the Court on Plaintiff Amy Wilson's Motion to Remand [Dkt. #10]. Wilson is the Personal Representative for her mother Sheila Edwards-Hughes' estate. She sued Defendants Assisted Living Concepts, Inc. (ALC-INC) and Assisted Living Concepts, LLC (ALC-LLC) for negligence, wrongful death, and neglect under Washington's Vulnerable Adult Statute, RCW 74.34, *et seq.*, after her mother's 2012 death. Defendants are the former and current licensees and operators of Lexington House, an assisted living community where Edwards-Hughes resided until her death.

1  Defendants removed the case to this Court on the basis of diversity jurisdiction under 28
2  U.S.C. § 1332. Although Defendants concede that ALC-LLC is not diverse to Wilson, they
3  argue that it was fraudulently joined as a party in this action, and thus, its residency cannot
4  destroy diversity jurisdiction. Wilson argues that ALC-LLC is a proper defendant because ALC-
5  LLC is a continuation of ALC-INC under Nevada's conversion statute, NRS 92A.250. Wilson
6  also argues that the removal was untimely because Defendants knew the amount in controversy
7  exceeded $75,000 but failed to remove the case within 30 days of being served with the
8  Amended Complaint. Because ALC-LLC is a proper party to this action, complete diversity
9  between the parties does not exist, and Wilson's Motion to Remand is GRANTED.

## II.   DISCUSSION

11 The party asserting federal jurisdiction has the burden of proof on a motion to remand to
12 state court. *Conrad Assocs. v. Hartford Accident & Indemn. Co.*, 994 F. Supp. 1196, 1198 (N.D.
13 Cal. 1998) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The removal statute is
14 strictly construed against removal jurisdiction. The strong presumption against removal
15 jurisdiction means that the defendant always has the burden of establishing removal is proper.
16 *Id*. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v.*
17 *Miles*, 980 F.2d at 567. Federal jurisdiction must be rejected if there is any doubt as to the right
18 of removal in the first instance. *Id.* at 566.

19 Wilson first argues that Defendants' removal is untimely because they failed to file a
20 notice of removal within 30 days of being served with the Amended Complaint. This argument
21 is not persuasive. The Amended Complaint did not specify an amount of damages. Although
22 Wilson believes that Defendants should have known that the damages in a wrongful death case
23 would be greater than $75,000, the Ninth Circuit has recognized that removability is determined
24

through examination of the four corners of the applicable papers, not through a defendant's subjective knowledge or duty to make further inquiry. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); *see Roth v. CHA Hollywood Med. Center, L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Here, Defendants learned that the amount in controversy exceeded $75,000 on August 30, 2013. [Dkt. #10, Mot. at 2]. The notice of removal was timely filed on September 27, 2013, within the 30-day window after the basis for federal jurisdiction was first discovered. 28 U.S.C. § 1446(b).

Wilson also argues that there is not complete diversity among the parties because ALC-LLC is, like Wilson, a resident of Washington. Defendants acknowledge that, if ALC-LLC is a proper defendant in this case, its presence would destroy diversity jurisdiction: one or more of its LLC members is a citizen of Washington. [Dkt. #14, Opposition at 4]. Defendants argue that ALC-LLC was fraudulently joined, and thus diversity jurisdiction is preserved.

Fraudulently joined defendants will not defeat diversity jurisdiction, and their presence in the case is disregarded for purposes of determining diversity. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998), *cert. den.* 496 U.S. 937 (1999). "Fraudulent" in this context does not require intent to purposely avoid removal:

> Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rule of the state, the joinder of the resident defendant is fraudulent.

*Id.* Therefore, the issue is whether the plaintiff has stated a not-obviously-invalid claim against the resident defendant. *Id.*

Defendants argue that ALC-LLC is fraudulently joined to this case, because it did not exist until July 11, 2013, nearly a year after Edwards-Hughes' death. Defendants argue that Wilson cannot as a matter of law establish that ALC-LLC owed Edwards-Hughes a duty during

the relevant time in 2012 and thus any claim against it for negligence, wrongful death, and neglect must fail.

Wilson argues that there is a viable claim against ALC-LLC because ALC-LLC assumed the liabilities of ALC-INC pursuant to the Nevada Conversion Statute, NRS 92A.250. Defendants acknowledge that they filed Articles of Conversion with the State of Nevada on July 11, 2013, whereby ALC-INC became ALC-LLC. [Dkt. #15, Exhibit D]. Nevada's conversion statute describes the effects of such a conversion on both the constituent entity [*i.e.* ALC-INC] and the resulting entity [*i.e.* ALC-LLC]:

> 3. When a conversion takes effect:
> (a) The constituent entity is converted into the resulting entity[;]
> (b) The conversion is a continuation of the existence of the constituent entity;
> …
> (d) The resulting entity has all the liabilities of the constituent entity[.]

NRS 92A.250.

Thus, the resulting entity assumes the liabilities of the constituent entity. Here, ALC-LLC assumed the liabilities of ALC-INC, including the claims in this suit. Defendants have done nothing to show that this statutory provision does not apply, and they cannot carry their burden to maintain diversity jurisdiction. ALC-LLC is therefore a proper party in this suit, destroying diversity jurisdiction. The Motion to Remand is GRANTED.

//
//
//
//
//
//

### III. CONCLUSION

ALC-LLC is a proper defendant in this suit. Wilson's Motion to Remand [Dkt. #10] is **GRANTED.** This case shall be **REMANDED** back to Superior Court of Washington for Clark County.

IT IS SO ORDERED.

Dated this 20th day of November, 2013.

*/s/ Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE